**FILED**

SEP 27 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Paul E. Smith, Cal. Bar No. 216644
LAW OFFICES OF PAUL E. SMITH
16870 West Bernardo Dr., Suite 400
San Diego, California 92127
Telephone: (858) 679-3396
Facsimile: (858) 630-4947
psmith@paulsmithlaw.com

Attorney for Plaintiff
CHARLES NOLTE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Nolte,<br><br>            Plaintiff,<br><br>        v.<br><br>CMRE Financial Services, Inc.,<br><br>            Defendant. | Case No.: **10CV 2011 JAH   WVG**<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages plus costs and attorney fees brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter, "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

- 1 -

COMPLAINT

3.     Plaintiff Charles Nolte (hereinafter, "Plaintiff") is a natural person and resident of San Diego County, California.

4.     Upon information and belief, Defendant CMRE Financial Services, Inc. ("Defendant") is a California corporation with its principal place of business in Brea, California.

## FACTS

5.     On or about July 29, 2009, Valley Pathology Medical Association, Inc. ("Valley Pathology") billed Plaintiff $7,960.71 for services rendered to Plaintiff, account number 108152.1.

6.     On or about July 29, 2009, Valley Pathology billed Plaintiff $19.10 for services rendered to Plaintiff, account number 108152.2.

7.     On or about July 29, 2009, Valley Pathology billed Plaintiff $60.00 for services rendered to Plaintiff, account number 36342.

8.     On or about September 3, 2009, Plaintiff sent a check for $19.10 to Valley Pathology for account number 108152.2.  Valley Pathology cashed Plaintiff's check on or about September 9, 2009.

9.     On or about September 3, 2009, Plaintiff sent a check for $60 to Valley Pathology for account number 36342.1.  Valley Pathology cashed Plaintiff's check on or about September 9, 2009.

10.     On or about September 4, 2009, Plaintiff sent a check for $7,960.71 to Valley Pathology for account number 108152.1.  Valley Pathology cashed Plaintiff's check on or about September 14, 2009.

11.     On or about September 29, 2009, Defendant sent Plaintiff a collection letter seeking $7,960.71 plus $242.09 in interest for Valley Pathology, account number 108152.1.  This letter included notice of Plaintiff's right to dispute the debt pursuant to the FDCPA.

- 2 -

12.     On or about September 29, 2009, Defendant sent Plaintiff a collection letter seeking $60 plus $2.02 in interest for Valley Pathology, account number 36342.1.  This letter included notice of Plaintiff's right to dispute the debt pursuant to the FDCPA.

13.     On or about October 5, 2009, Plaintiff sent Defendant a dispute letter explaining that he already paid the debt for account number 108152.1 and included a copy of the check showing he paid the full amount and showing that Valley Pathology cashed the check.

14.     On or about October 5, 2009, Plaintiff sent Defendant a dispute letter explaining that he already paid the debt for account number 36342.1 and included a copy of the check showing he paid the full amount and showing that Valley Pathology cashed the check.

15.     On or about October 5, 2009, Defendant sent Plaintiff a collection letter seeking $19.10 plus $.79 in interest for Valley Pathology, account number 108152.2. This letter included notice of Plaintiff's right to dispute the debt pursuant to the FDCPA.

16.     On or about October 12, 2009, Plaintiff sent Defendant a dispute letter explaining that he already paid the debt for account number 108152.2 and included a copy of the check showing he paid the full amount and showing that Valley Pathology cashed the check.

17.     On or about November 5, 2009, Defendant sent Plaintiff a collection letter for Valley Pathology, account number 108152.1, demanding payment of $7,960.71 plus $318.43 in interest.

18.     On or about November 5, 2009, Defendant sent Plaintiff a collection letter for Valley Pathology, account number 36342.1, demanding payment of $60.00 plus $2.60 in interest.

19.     As a direct and proximate result of Defendant's actions, Plaintiff suffered actual damages including, but not limited to, financial harm, loss of productivity, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, insomnia, nausea, stress, and anger.

- 3 -

COMPLAINT

## FIRST CLAIM FOR RELIEF

### Violations of Federal Fair Debt Collection Practices Act

20.    Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21.    Plaintiff is a "consumer" within the meaning of the FDCPA.

22.    Defendant is a "debt collector" within the meaning of the FDCPA.

23.    Defendant alleged that Plaintiff owed a "debt" within the meaning of the FDCPA.

24.    Defendant violated the FDCPA, 15 U.S.C. §1692g, by continuing collection activities after receiving a timely validation request from Plaintiff.

25.    Defendant violated the FDCPA, 15 U.S.C. §1692e(2), by communicating a false impression of the character, amount, and/or legal status of the alleged debt.

26.    Defendant violated the FDCPA, 15 U.S.C. §1692e(8), by communicating and/or threatening to communicate credit information that Defendant knew or should have known to be false.

27.    Defendant violated the FDCPA, 15 U.S.C. §1692e, by using false, deceptive, and/or misleading representations or means in connection with the attempted collection of the alleged debt.

28.    Defendant violated the FDCPA, 15 U.S.C. §1692f(1), by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

29.    Defendant violated the FDCPA, 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

30.    Defendant violated the FDCPA, 15 U.S.C. §1692d, by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse Plaintiff.

31.    Defendant violated the FDCPA, 15 U.S.C. §1692c(c), by contacting Plaintiff after Plaintiff notified Defendant in writing of Plaintiff's request that Defendant cease further communication with Plaintiff until verifying the alleged debt.

1    32.    Defendant violated the FDCPA, 15 U.S.C. §1692d, by engaging in conduct

2    the natural consequence of which was to harass, oppress, and/or abuse in connection with

3    attempted collection of the alleged debt.

4    33.    As a result of the above violations of the FDCPA, Defendant is liable to

5    Plaintiff for Plaintiff's actual damages, statutory damages, costs, and attorney fees.

6    **SECOND CLAIM FOR RELIEF**

7    **Violations of California Fair Debt Collection Practices Act**

8    34.    Plaintiff realleges and incorporates paragraphs 1 through 33 above as if

9    fully set out herein.

10    35.    Plaintiff is a "debtor" within the meaning of the Rosenthal Act.

11    36.    Defendant is a "debt collector" within the meaning of the Rosenthal Act.

12    37.    Defendant alleged a "debt" to be owed by Plaintiff within the meaning of

13    the Rosenthal Act.

14    38.    Each and every violation of the FDCPA as described herein is a violation of

15    the Rosenthal Act, Cal. Civ. Code §1788.17.

16    39.    As a result of the above violations of the Rosenthal Act, Defendant is liable

17    to Plaintiff for Plaintiff's actual damages, statutory damages, costs, and attorney fees.

18    WHEREFORE, Plaintiff respectfully prays that judgment be entered against

19    Defendant for the following:

20    A.    Actual damages of at least $10,000;

21    B.    Statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000;

22    C.    Statutory damages pursuant to Cal. Civ. Code §1788.30(b) in the amount of

23    $1,000;

24    D.    Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k and Cal.

25    Civ. Code §1788.30(c);

26    E.    For such other and further relief as may be just and proper.

27

28

- 5 -

Dated:  September 22, 2010          LAW OFFICES OF PAUL E. SMITH

                                    By: _____
                                         PAUL E. SMITH
                                         Attorney for Plaintiff
                                         CHARLES NOLTE


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Dated: September 22, 2010           LAW OFFICES OF PAUL E. SMITH

                                    By: _____
                                         PAUL E. SMITH
                                         Attorney for Plaintiff
                                         CHARLES NOLTE

COMPLAINT

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
SEP 27 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles Nolte | CMRE Financial Services |

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul Smith, 16870 W Bernardo Dr 400, San Diego, CA 92127
(858) 679-3396

Attorneys (If Known)

**10CV 2011 JAH    WVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq
Brief description of cause:
Violations of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE   09/25/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

9/28/10 RM

RECEIPT #  1841   AMOUNT  $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS018491
Cashier ID: bhartman
Transaction Date: 09/28/2010
Payer Name: PAUL E SMITH
----------------------------------
CIVIL FILING FEE
 For: NOLTE V CMRE FINANCIAL
 Case/Party: D-CAS-3-10-CV-002011-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1401
 Amt Tendered:  $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```